UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FLORENCIO PADILLA PEREZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No. 2:25-cv-02399-RFB-DJA<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

Pending before the Court is Petitioner Florencio Padilla Perez's Motion for Preliminary Injunction (ECF No. 4), challenging the lawfulness of his detention at Nevada Southern Detention Center (NSDC) in the custody of Federal Respondents. For the following reasons, the Court grants the Motion and orders Respondents to immediately release Petitioner.

The Court makes the following findings of fact based on the record. Petitioner Padilla Perez is a native and citizen of Mexico who has built his life in the United States for more than three continuous decades, since he entered without inspection in 1992. ECF No. 4 at 2. He resides in Salt Lake City, Utah, with his wife and five U.S. citizen children, all of whom depend on Petitioner for emotional and financial support. Id.

On August 4, 2025, Petitioner was arrested by ICE during a traffic stop in his neighborhood in Utah. Id. DHS's presence in the area was due to an individual unrelated to Petitioner. Id. Respondents then transferred Petitioner to Nevada Southern Detention Center, far from his home, family, and employment, and issued him a Notice to Appear, charging him as removable under INA § 212(a)(6)(A)(i). Id.

On September 4, 2025, Immigration Judge (IJ) Glen Baker held a custody redetermination hearing (*i.e.* bond hearing) pursuant to 8 C.F.R. § 1236. ECF No. 4-1 at 2. IJ Baker granted Petitioner release under a bond of $2,500 pursuant to 8 U.S.C. § 1226(a), as Petitioner was not

designated as an arriving alien, was not placed in expedited removal proceedings, was not a recent entrant to the United States, and was not apprehended near the U.S./Mexico border. Id. The IJ also found that Petitioner posed neither a danger to the community nor a flight risk, noting Petitioner's lack of criminal history and long-standing address, employment, and family ties in the United States. Id. DHS filed a motion for reconsideration shortly thereafter, which the IJ granted on September 15, 2025, stating that his authority had been superseded by the Board of Immigration Appeals' decision in Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"). Id. at 5. Petitioner has been detained at NSDC ever since.

In his concurrent removal proceedings, Petitioner was granted Cancellation of Removal (42-B) by an IJ on October 22, 2025. ECF No. 4-1 at 8-11. DHS filed a Notice of Appeal on either November 18, 2025, or November 24, 2025, but the parties dispute the timeliness of this filing and whether the Cancellation of Removal Order is now final. See id. at 13-14; ECF Nos. 12-1, 12-2. The Court does not reach this issue in ordering preliminary relief, but requests further briefing and evidentiary support from both parties on their positions regarding the timeliness of the Notice of Appeal before deciding on the merits of the Petition.

The Court now turns to the merits of Petitioner's Motion. As an initial matter,[1] the Court has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention, because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (Nov. 19, 2025). The Court also fully incorporates by reference its prior finding that administrative exhaustion is excused as futile due to the Board of Immigration

---

[1] The Court notes that Respondents state the legal standard for standing in their responsive pleading. However, they include no argument or application to the instant case outside of a heading stating: "Petitioner's Claims Present No Case or Controversy." ECF No. 12 at 5-6. To the extent Respondents are seeking to challenge Petitioner's standing to challenge his ongoing detention, this Court rejects that argument and finds Petitioner has satisfied the test set forth in Lujan v. Defs. Of Wildlife. See 504 U.S. 555, 560-61 (1992). Petitioner has stated an injury in fact—unlawful detention—that is fairly traceable to the challenged action of the United States—holding him pursuant to the automatic stay of an IJ's grant of release—and that injury is likely be redressed by a favorable decision by this Court granting relief in the form of immediate release or a hearing. See id.

Appeals' (BIA) decision in Hurtado. Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).

This Court has previously found in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) that similarly situated petitioners who are long-term U.S. residents arrested in the interior and detained without the opportunity for release on bond, were detained in violation of the Immigration and Nationality Act (INA) and Due Process Clause of the Fifth Amendment. 2025 WL 3205356, at *10-26. The Court incorporates by reference and adopts those same findings and legal conclusions here: because Petitioner is a longtime U.S. resident who was arrested far from any port of entry, with deep ties to this country, he is entitled to release on bond under 8 U.S.C § 1226(a), and his continued detention despite the finding of an IJ that he is neither dangerous, nor a flight risk, violates his procedural and substantive due process rights. Id.

The Court further finds that Petitioner has satisfied the Winter factors and is therefore entitled to a preliminary injunction ordering his immediate release from ICE custody pursuant to the $2,500 bond and other conditions imposed by IJ Baker under 8 U.S.C. § 1226(a). Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for preliminary injunction). To obtain a preliminary injunction, a plaintiff must establish four elements: (1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an injunction. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 22).

The Court finds Petitioner has established a likelihood of success on the merits of his statutory and due process challenges to his continued detention for the same reasons set forth in Escobar Salgado. First, regarding the INA challenge, Respondents assert that Petitioner, because he entered the country without inspection, is an applicant for admission seeking admission under 8 U.S.C. § 1225(b)(2)(A) and thus subject to mandatory detention without the opportunity for release on bond. Petitioner argues Respondents and the BIA's new interpretation of the government's detention authority under 8 U.S.C. § 1225(b)(2)(A) is erroneous, and that he is

properly detained under 8 U.S.C § 1226(a) and its implementing regulations, as IJ Baker found prior to Hurtado. This Court agrees with Petitioner—and the IJ's initial decision—and incorporates by reference its holding and findings in Escobar Salgado, rejecting Respondents' new statutory interpretation as unlawful. 2025 WL 3205356, at *10-22.

Further, the Court finds Petitioner has established a likelihood of success on the merits of his procedural and substantive due process challenges to his prolonged detention despite an IJ's findings and grant of release on bond. The procedural due process factors under Mathews v. Eldridge weigh heavily in favor of Petitioner because (1) the private interest affected is the fundamental liberty interest in being free from imprisonment; (2) the risk of erroneous deprivation has already been realized, where Respondents continue to detain Petitioner despite their failure to establish a legitimate, individualized interest in his continued detention before an IJ; (3) the government's interest in enforcing immigration laws is served by the individualized determination of an IJ, based on a review of evidence presented by the government and Petitioner, which established that he is neither dangerous, nor a flight risk, under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976); see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

It follows inexorably from the Court's determination that Petitioner will continue to be deprived of his physical liberty unconstitutionally in the absence of an injunction that Petitioner has met his burden to show immediate and irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017). Likewise, the minimal, if not nonexistent, burden on the government in adhering to established bond and supervised release procedures, which are set forth in the relevant agencies' own regulations, as compared to the preventable human suffering, *e.g.*, the financial and emotional burdens on both Petitioner and his family, in addition to the fundamental harm of

1  arbitrary detention without meaningful due process, demonstrates that the balance of the equities
2  and public interest tip sharply in Petitioner's favor. Id. at 995-96 ("the public interest benefits from
3  an injunction that ensures that individuals are not deprived of their liberty and held in immigration
4  detention because of . . . likely unconstitutional process.").

5        Additionally, the Court, in its discretion under Federal Rule of Civil Procedure 65(c), finds
6  that releasing Petitioner on a $2,500 bond will not be costly for Respondents, and therefore
7  declines to impose bond beyond the amount imposed by IJ Baker. See Johnson v. Couturier, 572
8  F.3d 1067, 1086 (2009) (a "district court may dispense with the filing of a bond [under Rule 65(c)]
9  when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or
10 her conduct.).

11       Based on the foregoing, **IT IS HEREBY ORDERED** that Petitioner's (ECF No. 4) Motion
12 for a Preliminary Injunction is **GRANTED.**

13       **IT IS FURTHER ORDERED** that Respondents must **IMMEDIATELY RELEASE**
14 Petitioner from custody, subject to the conditions imposed by IJ Baker, as soon as practicable, and
15 no later than **December 24, 2025, at 10:00 AM**.

16       The Court has received notice of the hardship other immigration detainee petitioners have
17 faced in their efforts to pay bond through ICE's bond payment system. Therefore, **IT IS**
18 **FURTHER ORDERED** that Petitioner be afforded until **February 7, 2026**, to satisfy the $2,500
19 bond condition.

20       **IT IS FURTHER ORDERED** that pending a resolution of the Petition (ECF No. 1) on
21 the merits, Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that
22 he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Thus, the Court **ORDERS**
23 that Respondents are **ENJOINED** from invoking the automatic stay to continue Petitioner's
24 detention, as the Court has already found the automatic stay unconstitutional and adopts that
25 finding here. Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792, at *13 (D.
26 Nev. Sept. 5, 2025).

27       **IT IS FURTHER ORDERED** that Respondents shall file a Notice of Compliance with
28 this Order no later than **December 25, 2025, at 10:00 AM**.

**IT IS FURTHER ORDERED** that on or before **January 7, 2026**, the parties shall file a stipulated proposed scheduling order for full briefing on the merits of the Petition.

**DATED:** December 23, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**